IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ADVANCED SEISMIC TECHNOLOGY, INC. AND GEOKINETICS INTERNATIONAL, INC.** § § § § | | |
| *Plaintiffs,* § § | | |
| vs § § | **C.A. No. _____** | |
| | **In Admiralty, Rule 9(h)** | |
| **M/V FORTITUDE, her engines, tackle, apparel, etc.,** *in rem*, **PENTAGON FREIGHT SERVICES, INC., STELLAR LINE OCEAN TRANSPORT LTD., MS CLAUDIA SCHIFFAHRTSGELLSCHAFT MBH, AND PETER DOEHLE SCHIFFAHRTS-KG,** *in personam* § § § § § § § § | | |
| *Defendants*. § | | |

## VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Advanced Seismic Technology, Inc. and Geokinetics International, Inc. (collectively, "Plaintiffs") by and through their undersigned attorneys, complaining of and against the M/V FORTITUDE, her engines, tackle, apparel, etc., *in rem*, and Pentagon Freight Services, Inc., Stellar Line Ocean Transport Ltd., MS Claudia Schiffahrtschellschaft mbH, and Peter Doehle Schiffahrts-KG, *in personam* (collectively, "Defendants"), and in support thereof, respectfully aver as follows:

## JURISDICTION & VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to Article III of the United States Constitution and 28 U.S.C. § 1333.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to this Honorable Court's personal jurisdiction.

**PARTIES**

3. At all material times, Plaintiff Advanced Seismic Technology, Inc. was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of the State of Texas, with a principal office in Houston, Texas, and was at all material times, the owner, consignee, and/or successor in title to the GEOTIGER 4, which was shipped aboard the M/V FORTITUDE as more fully described below.

4. At all material times, Plaintiff Geokinetics International, Inc. was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of the State of Texas, with a principal office in Houston, Texas, and was at all material times, the owner, consignee, and/or successor in title to the GEOTIGER 4, which was shipped aboard the M/V FORTITUDE as more fully described below.

5. At all material times, the M/V FORTITUDE was and still is an ocean-going vessel and engaged in the common carriage of goods by sea for hire between various foreign and domestic ports, including the ports of Houston, Texas and Poti, Georgia. The M/V FORTITUDE is now, or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Honorable Court.

6. At all material times, Defendant Pentagon Freight Services, Inc. was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of the State of Texas. Pentagon Freight Services, Inc. was engaged in the common carriage of cargo,

including the GEOTIGER 4, by sea for hire, and was at all material times the owner, operator, charterer, and/or manager of the M/V FORTITUDE. Defendant Pentagon Freight Services, Inc. may be served through its registered agent, Leslie F. Watson, located at 1211 E. Richey Rd., Houston, Texas 77073.

7. At all material times, Defendant Stellar Line Ocean Transport Ltd. was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of a state other than Texas or of a foreign country. Stellar Laine Ocean Transport Ltd. was engaged in the common carriage of cargo, including the GEOTIGER 4, by sea and/or land for hire, and was at all material times the owner, operator, charterer, and/or manager of the M/V FORTITUDE. Defendant Stellar Line Ocean Transport Ltd. has sufficient contacts with the United States of America as a whole under Rule 4(k)(2) of the Federal Rules of Civil Procedure to establish this Court's jurisdiction over said defendant. Defendant Stellar Line Ocean Transport Ltd. may be served through the Texas Secretary of State and/or the Hague Convention. Process or notice can also sent be to their home office, 5-7 Kanari Street, 185 37 Piraeus, Greece.

8. At all material times, Defendant MS Claudia Schiffahrtsgellschaft mbH & Co. was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of a state other than Texas or of a foreign country. MS Claudia Schiffahrtsgellschaft mbH & Co. was engaged in the common carriage of cargo, including the GEOTIGER 4, by sea for hire, and was at all material times the owner, operator, charterer, and/or manager of the M/V FORTITUDE. Defendant MS Claudia Schiffahrtsgellschaft mbH & Co. has sufficient contacts with the United States of America as a whole under Rule 4(k)(2) of the Federal Rules of Civil Procedure to establish this Court's jurisdiction over said defendant. Defendant MS Claudia Schiffahrtsgellschaft mbH & Co. may be served through the Texas Secretary of State and/or the

Hague Convention. Process or notice may also be sent to their home office, Elbchaussee 370, 2206 Hamburg, Germany.

9. At all material times, Defendant Peter Doehle Schiffahrts-KG was and still is a corporation or other legal entity organized, created, and existing pursuant to the laws of a state other than Texas or of a foreign country. Peter Doehle Schiffahrts-KG was engaged in the common carriage of cargo, including the GEOTIGER 4, by sea for hire, and was at all material times, the owner, operator, charterer, and/or manager of the M/V FORTITUDE. Defendant Peter Doehle Schiffahrts-KG has sufficient contacts with the United States of America as a whole under Rule 4(k)(2) of the Federal Rules of Civil Procedure to establish this Court's jurisdiction over said defendant. Defendant Peter Doehle Schiffahrts-KG may be served through the Texas Secretary of State and/or the Hague Convention. Process or notice may also be sent to their home office, Elbchaussee 370, 2206 Hamburg, Germany.

## FACTUAL BACKGROUND

10. Advanced Seismic Technology, Inc. (hereafter "Advanced Seismic") entered into a Master Services Agreement, dated March 18, 2015, with Pentagon Freight Services, Inc. (hereafter "Pentagon Freight") to provide freight forwarding services.

11. Subsequently, Pentagon Freight issued Pentagon Booking Note No. STL3361 to Advanced Seismic for the carriage of cargo from Houston, Texas to Poti, Georgia. The cargo included sections of the GEOTIGER 4, a seismic boat. The Booking Note expressly provided, among other things, that the cargo would be "stowed under deck."

12. On or about November 13, 2015, Plaintiffs delivered the cargo, including the GEOTIGER 4, in good order and condition to Defendants and the M/V FORTITUDE in Houston, Texas. Stellar Line Ocean Transport Ltd. (hereafter "Stellar Line") issued Bill of

Lading No. 6783. The applicable Bill of Lading identified the following parties: (1) Pentrans Inc. as shipper; (2) Geokinetics International, Inc. (hereafter "Geokinetics") as consignee; and (3) Stellar Laine as carrier.

13. Between November 13, 2015 and November 18, 2015, sections of the GEOTIGER 4 were improperly loaded on the deck of the M/V FORTITUDE. Flat Rack No. 4305645, specifically, contained the starboard hull section of the GEOTIGER 4.

14. The M/V FORTITUDE departed Houston on or about November 19, 2015.

15. On or about November 26, 2015, the starboard hull section of the GEOTIGER 4 slid off Flat Rack 4305645 and fell into the ocean resulting in a total loss.

16. As a result of the aforesaid damage and loss to the cargo, including lost sections of the GEOTIGER 4, Plaintiffs have sustained a loss in the amount of $1,235,017.00, no part of which has been by Defendants.

## CAUSES OF ACTION

17. Plaintiffs reiterate and re-allege all of the allegations contained in paragraphs 1 through 16 of the First Cause of Action as if fully copied herein.

18. The damage to the cargo, including the lost sections of the GEOTIGER 4, was not caused by any act or omission of Plaintiffs or those for whom the Plaintiffs are responsible. Rather, this loss was caused by the negligence of the Defendants and/or the unseaworthiness of the M/V FORTITUDE.

19. Defendants breached their obligations to the Plaintiffs under the governing Master Services Agreement, Booking Note, Bill of Lading, and/or any related contract(s) of carriage to safely load, stow, and carry the GEOTIGER 4 to its final destination. Defendants also breached their obligations to Plaintiffs to provide a seaworthy vessel or carriage of the cargo.

20. Defendants materially deviated from their obligations under the bill(s) of lading and/or contract(s) of carriage by improperly stowing the GEOTIGER 4 on the deck of the M/V FORTITUDE. This material deviation prevents Defendants from relying on any potentially applicable limitation(s) provided in the Master Services Agreement, Booking Note, Bill of Lading, and/or any other related contracts of carriage.

21. The Defendants breached their obligations under the United States Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *et seq.* and the General Maritime Law of the United States, and/or the laws of the State of Texas to arrange ocean transportation and/or safely, carefully, and properly load, stow, and carry the GEOTIGER 4, and to provide a seaworthy vessel.

22. The loss of cargo gives rise to a maritime lien in favor of Plaintiffs, which they hereby assert against the M/V FORTITUDE, *in rem*, and against its owners, operators, charterers, and/or managers Pentagon Freight, Stellar Line, MS Claudia Schiffahrtsgellschaft mbH & Co, and Peter Doehle Schiffahrts-KG, *in personam*.

23. As a result of the negligence of the Defendants, and breaches by Defendants of their contractual, statutory, and general maritime law duties to safely load, stow, and carry the cargo, and breach of the warranty of seaworthiness, the Plaintiff has sustained damages, currently calculated at $1,235,017.00, exclusive of attorney's fees, costs, pre-judgment, and post-judgment interest.

24. All conditions precedent have occurred or have been performed by Plaintiffs.

25. Plaintiffs reserve the right to amend and/or supplement this Verified Complaint as further facts become available.

WHEREFORE, Plaintiffs Advanced Seismic Technology, Inc. and Geokinetics International, Inc. pray that:

1)  The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V FORTITUDE, her engines, tackle, apparel, etc. and that all persons claiming any rights, title, or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid and that said vessel may be condemned and sold to pay the demand as aforesaid, together interests thereon, costs, and attorney's fees;

2)  Process in due form of law issue against Defendants Pentagon Freight Services, Inc., Stellar Line Ocean Transport Ltd., MS Claudia Schiffahrtsgellschaft mbH & Co., and Peter Doehle Schiffahrts-KG, *in personam*, citing them to appear and answer this Verified Complaint;

3)  Judgment in the amount of $1,235,017.00 be entered in favor of Plaintiffs against the M/V FORTITUDE, her engines, tackle, apparel, etc., *in rem*, and Defendants Pentagon Freight Services, Inc., Stellar Line Ocean Transport Ltd., MS Claudia Schiffahrtsgellschaft mbH & Co., and Peter Doehle Schiffahrts-KG, *in personam*, for all sums shown to be due and owing at trial, together with interest and costs.

4)  That Plaintiffs Advanced Seismic Technology, Inc. and Geokinetics International, Inc. be awarded such other relief as they may be entitled to receive.

Respectfully submitted,

**LEGGE, FARROW, KIMMIT, MCGRATH & BROWN L.L.P.**

*/s/ Gerard J. Kimmitt, II*
Gerard J. Kimmitt, II
Fed. ID No. 08454; TBA 11427500
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470
Email: jerrykimmitt@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS ADVANCED SEISMIC TECHNOLOGY, INC. AND GEOKINETICS INTERNATIONAL, INC.**

**OF COUNSEL:**
Michael J. Wray
Fed. ID. No. 381651; TBA 24052191
mrway@leggefarrow.com
Brandon K. Best
Fed ID. No. 1760070; TBA 24082686
bbest@leggefarrow.com

## **VERIFICATION**

STATE OF TEXAS §
HARRIS COUNTY §

      BEFORE ME, the undersigned authority, personal appeared

                      GERARD J. KIMMITT, II,

who deposed and said that he is a partner at Legge, Farrow, Kimmitt, McGrath & Brown, LLP, attorneys for Plaintiffs herein; that he has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents and information furnished to him by the Plaintiffs, and with specific authorization.

                                                        _____
                                                        Gerard J. Kimmitt, II

Subscribed and sworn to before me this _____ day of October, 2016

_____
Notary Public in and for the State of Texas