IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADVANCED SEISMIC TECHNOLOGY, INC., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-16-3041 |
| M/V FORTITUDE, *et al.*, Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

This Carriage of Goods by Sea Act ("COGSA") case is before the Court on the Motion for Partial Summary Judgment [Doc. # 60] filed by Defendants Stellar Line Ocean Transport Ltd. ("Stellar Line"), MS Claudia Schiffahrtsgesellschaft Mbh & Co. and Peter Doehle Schiffahrts-KG, to which Plaintiffs Advanced Seismic Technology, Inc. ("Advanced Seismic") and Geokinetics International, Inc. ("Geokinetics") filed a Response [Doc. # 100], and a Supplemental Response [Doc. # 109]. Moving Defendants filed a Reply [Doc. # 114].

Also pending is Plaintiffs' Motion to Dismiss and/or Motion for Summary Judgment on Stellar Line's Counterclaim ("Plaintiffs' Motion") [Doc. # 63], to which Defendant Stellar Line filed a Response [Doc. # 81], and Plaintiffs filed a Reply [Doc. # 89].

By Order [Doc. # 66] entered August 22, 2017, the Court referred all potentially dispositive motions to United States Magistrate Judge Dena Palermo for Report and Recommendation. On February 7, 2018, Magistrate Judge Palermo issued a Report and Recommendation [Doc. # 130], recommending that both pending motions be denied. Defendants filed Objections [Doc. # 134] to the recommendation that their Motion for Partial Summary Judgment be denied, Plaintiffs filed a Response in Opposition to the Objections [Doc. # 135], and Defendants filed a Reply to Plaintiffs' Response [Doc. # 137]. Plaintiffs filed Objections [Doc. # 133] to the recommendation that their Motion be denied. Defendants filed a Response to Plaintiffs' Objections [Doc. # 136], in which they merely incorporated the arguments in their brief in Response to Plaintiffs' Motion.

The Magistrate Judge in her Report and Recommendation accurately set forth the "Factual Overview" for this case, as well as the applicable legal standards for motions to dismiss and for summary judgment. The Court adopts those sections of the Report and Recommendation. As explained more fully below, the Court also adopts, as clarified herein, much of the Report and Recommendation regarding Defendants' Motion for Partial Summary Judgment. Plaintiffs' objections to the recommendation that its Motion seeking dismissal of Stellar Line's Counterclaim be denied, however, are well-taken and the Court does not adopt the Magistrate Judge's

recommendation on Plaintiffs' Motion. Instead, the Court issues its own ruling on that Motion, as set forth below.

I.  **BACKGROUND**

The Magistrate Judge set forth the "Factual Overview" of this case at pages 6 through 10 of the Report and Recommendation. The "Factual Overview" section is both thorough and accurate, and this Court adopts it as its own. Briefly, Plaintiffs sought to ship seismic equipment, including a seismic vessel in sections, from Houston, Texas, to Poti, in the country of Georgia. Pentagon Freight Services, Inc. ("Pentagon") provided freight forwarding services.

Pentagon negotiated with Stellar Line, the carrier, to ship Plaintiffs' seismic equipment. On October 15, 2015, Stellar Line and Pentrans, Inc., the non-vessel operating common carrier (NVOCC) for Pentagon, entered into a booking note, the "Stellar Line Booking Note." There was no term specifying that the cargo was to be stowed under deck, but the Stellar Line Booking Note referenced "additional terms and conditions as per attached [Bill of Lading]."

On November 10, 2015, Geokinetics delivered the cargo to the vessel in Houston. Between November 13 and 18, 2015, Plaintiffs' cargo was loaded onboard the vessel. On November 16, 2015, Pentagon sent drafting instructions for the Bill of Lading to Stellar Line. In the instructions, Pentagon did not specify that the seismic

equipment should be stowed below deck. Stellar Line informed Pentagon that the cargo would be stowed on deck and that the bill of lading would so reflect. Pentagon asked to remove that provision so the cargo would be stowed below deck, and Stellar Line said no. The Bill of Lading ultimately issued by Stellar Line (the "Stellar Line Bill of Lading") stated on page 1 that the cargo consisted of 34 packages of seismic equipment "as per attached rider." The attached rider lists the 34 packages and, above the list, contains the notation in all capital letters: "CONTAINERS & FLAT RACKS STOWED ON DECK."

While in transit, the vessel encountered very heavy seas and, on November 26, 2015, the starboard hull section of Plaintiffs' seismic vessel fell overboard and was lost.

Plaintiffs filed this lawsuit on October 12, 2016, filed a First Amended Complaint [Doc. # 36] on February 28, 2017, and filed a Second Amended Complaint [Doc. # 55] on August 8, 2017. Plaintiffs allege, *inter alia*, that Defendants, including Stellar Line and the other moving Defendants, were negligent and breached their obligations under COGSA to "safely, carefully, and properly load, stow, and carry" Plaintiffs' cargo. *See* Second Amended Complaint, ¶¶ 20-22, ¶ 39. Stellar Line filed a Counterclaim [Doc. # 26] against Plaintiffs seeking indemnity for the loss of Plaintiffs' cargo, and seeking to recover its attorneys' fees.

## II. PLAINTIFFS' MOTION

The Magistrate Judge noted correctly in the Report and Recommendation that Plaintiffs seek dismissal of Stellar Line's counterclaim for indemnity. Additionally, the Magistrate Judge correctly explained the legal standard for a motion to dismiss. *See* Report and Recommendation, pp. 5-6. Plaintiffs' Objections to the recommendation that their Motion be denied, however, are well-taken. The Court does not adopt the recommendation as to Plaintiffs' Motion and, instead, issues its own ruling on that motion.

### A. Stellar Line's Counterclaim

As noted above, Stellar Line filed a Counterclaim [Doc. # 26] against Plaintiffs seeking indemnity for the loss of Plaintiffs' cargo, and seeking to recover its own attorneys' fees.[1] In its First Cause of Action, Stellar Line seeks indemnity based on Plaintiffs' alleged breach of warranty. Stellar Line alleges that it has been damaged by the breach of warranty by having to incur "expenses for the defense of the claim asserted by [Plaintiffs] in the Complaint, including but not limited to attorneys' fees, court costs, expenses and damages." *See* Counterclaim, ¶ 20. In the Second Cause

---

[1] Stellar Line in this case is seeking to recover only its attorneys' fees and costs. Stellar Line's proposed construction of the Indemnification Clause, however, could apply equally to a claim against Plaintiff for indemnification and recovery of any damages it is required to pay for the loss of Plaintiffs' cargo. A clause allowing such a claim clearly would "lessen" Stellar Line's liability under COGSA in violation of § 1303(8).

of Action, Stellar Line seeks a declaratory judgment regarding "the legal effect of [Plaintiffs'] breach of warranty on their right to assert any claim against" Stellar Line. *See id.*, ¶ 24. Stellar Line argues that the legal effect is to preclude Plaintiffs from asserting its COGSA claim against Stellar Line.

The Stellar Line Bill of Lading includes a warranty by the shipper ("Merchant") that the:

> Goods and any Container loaded by the Merchant are packed and secured in such a manner as to be handled in the ordinary course of the transportation without damage to the Goods, Vessel, Containers or other property or persons;

*See* Stellar Line Bill of Lading, Exh. C-6 to Motion for Partial Summary Judgment, p. 2, ¶ 3(a)(1). The Stellar Line Bill of Lading also includes an Indemnification Clause:

> The Merchant further agrees to indemnify and hold harmless the Carrier against any loss, damage or expense which the Carrier may incur or liability to any person which the Carrier may suffer due to the personal injury or loss of or damage to any property due to the breach of any warranty or other obligation of the Merchant under the terms of the Bill of Lading or applicable law including without limitation, paragraphs 4), 5), and 7). Such indemnity shall include costs and attorney fees to defend any action brought by third parties or to prosecute any claim against the Merchant arising from the Merchant's obligation(s) under the Bill of Lading.

Id., ¶ 8. The Indemnification Clause clearly would apply to a third party's claim against Stellar Line for that third party's damage, either property damage or personal

injury, caused by Plaintiffs' cargo. Indeed, the Indemnification Clause states specifically that it includes costs and attorney fees "to defend any action brought by third parties." *See id.*

### B. Plaintiffs' Challenge to Counterclaim

Under COGSA, "the carrier shall properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." 46 U.S.C. § 1303(2). These duties are non-delegable. *See Associated Metals & Minerals Corp. v. M/V Arktis Sky*, 978 F.2d 47, 49-50 (2d Cir. 1992). COGSA, therefore, prohibits the inclusion of clauses which relieve the carrier from liability – or lessen the carrier's liability – for loss or damage to cargo arising from the carrier's negligence, fault, or failure to fulfill its obligations under COGSA. *See* 46 U.S.C. § 1303(8); *Encyclopaedia Britannica, Inc. v. SS Hong Kong Producer*, 422 F.2d 7, 12, n.2 (2d Cir. 1969). COGSA "allows a freedom of contracting out of its terms, but only in the direction of increasing the shipowner's liabilities, and never in the direction of diminishing them." *Id.* at 12.

Plaintiffs seek dismissal of Stellar Line's counterclaim for indemnity, arguing that the Indemnification Clause – as Stellar Line seeks to enforce it in this case – is void under § 1303(8) of COGSA. Plaintiffs argue that Stellar Line impermissibly seeks to enforce the Indemnification Clause as a total release of Plaintiffs' claims

under COGSA. Plaintiffs argue also that the Indemnification Clause is invalid because it is an attempt to alter COGSA's rules as to liability and burden of proof.

***Indemnification Clause as a Release.*** — In their Response to Plaintiffs' Motion, Stellar Line admits that it is seeking to enforce the Indemnification Clause as a release of Plaintiffs' claims under COGSA. *See* Response [Doc. # 81], pp. 11-12 (arguing that Plaintiffs agreed to surrender their legal right to assert a claim for cargo loss, and that "Plaintiffs agreed to forfeit their right to hold Defendant accountable for the loss" of their cargo). Construing the indemnification clause as a release of Plaintiffs' claims against Stellar Line under COGSA would clearly result in relieving Stellar Line of its potential liability under COGSA in violation of § 1303(8).[2] The Second Circuit in *Encyclopaedia Britannica* discussed how clauses inserted into bills of lading after COGSA, even when they did not directly relieve the carrier of liability or lessen its liability, were held to violate § 1303(8). *See id.* at 12-13. For example, a "Both-to-Blame Clause" applied where cargo was lost or damaged in a collision between two ships, both of which were at fault. If the cargo-owner recovered against the non-carrying vessel, the clause required that the recovery be paid over to the

---

[2]  Stellar Line argues that the Indemnification Clause does not violate § 1303(8) because it does not purport to relieve it of liability but, instead, relieves it of liability for Plaintiffs' negligence. The claims that Plaintiffs assert against Stellar Line in this lawsuit, however, are based on allegations that Stellar Line was negligent and breached its own obligations under COGSA.

carrying vessel. *See id.* at 12. The clause was considered an indemnification provision in favor of the carrying vessel. The Supreme Court held that the clause was invalid as a violation of § 1303(8). *See id.* (citing *United States v. Atl. Mutual Ins. Co.*, 343 U.S. 236 (1952)).

Similarly, some carriers inserted clauses into the bills of lading that only the law of a certain foreign country applied and that any lawsuit had to be filed in the courts of that country. *See id.* at 13. Because the clause could have the effect of lessening the carrier's liability under COGSA, it was held to violate "the provisions of COGSA, particularly § 1303(8), as well as its intent and purpose." *See id.*

The Indemnification Clause in the Stellar Line Bill of Lading, like the clauses described in *Encyclopaedia Britannica*, would have the effect of relieving Stellar Line of liability under COGSA. Indeed, Stellar Line argues that the clause prevents Plaintiffs from exercising their legal right to assert a claim under COGSA for the cargo loss. On this basis, the Indemnification Clause as asserted by Stellar Line in its Counterclaim violates § 1303(8) of COGSA and is invalid.

***Indemnification Clause Alters COGSA Rules of Liability and Burden of Proof.—*** COGSA has a well-defined structure for liability, with shifting burdens of proof. First, the "plaintiff establishes a prima facie case by proving that the cargo for which the bill of lading was issued was loaded in an undamaged condition, and

discharged in a damaged condition." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The bill of lading is "prima facie evidence that the goods were loaded in the condition therein described." *Id.* The carrier then has the burden to prove that it "exercised due diligence to prevent damage or that the loss was caused by one of the exceptions set out in § 1304(2)." *Id.* The exceptions set out in § 1304(2) are often referred to as "defenses" under COGSA. *See, e.g., Indus. Mar. Carriers (Bahamas), Inc. v. Siemens Westinghouse Power Corp.*, 67 F. App'x 252, *3 (5th Cir. May 14, 2003); *Itochu Int'l, Inc. v. HAVJO MV*, 165 F.3d 23, *1 (5th Cir. Nov. 28, 1998). If the carrier satisfies this burden of proof, the plaintiff must then establish that "the carrier's negligence contributed to the damage or loss." *Tubacex*, 45 F.3d at 954. Then the carrier has the burden to "segregate that portion of the damage due to the excepted cause from that portion resulting from the carrier's own negligence." *Id.* If the carrier cannot carry this burden, it is liable for the full loss. *See Tenneco Resins, Inc. v. Davy Int'l, AG*, 881 F.2d 211, 213 (5th Cir. 1989).

Stellar Line attempts to change the COGSA structure for liability, including the applicable burdens of proof, by requiring Plaintiffs to indemnify it from any loss, including loss to Plaintiffs' own cargo. This attempt to avoid or lessen one's liability by changing the COGSA procedure is invalid as a violation of § 1303(8).

The Court notes, as did the Fifth Circuit in *Tubacex* and as did the Magistrate Judge in her Report and Recommendation, that the COGSA structure for shifting burdens of proof allows the carrier to raise certain statutory defenses to avoid or lessen liability. The COGSA structure, however, does not permit the carrier to use an Indemnification Clause to alter its burden of proof. Whether each party can satisfy its applicable burden of proof at each phase of the COGSA liability structure is not before the Court on Plaintiffs' Motion and must be decided at trial.

### C. Conclusion on Plaintiffs' Challenge to Stellar Line's Counterclaim

Stellar Line asserts the Indemnification Clause as a total release of Plaintiffs' claims against it in this case, and attempts to use the clause to alter the COGSA structure for liability and burdens of proof. As a result, the Indemnification Clause as asserted by Stellar Line in this case is invalid. Plaintiffs' Motion for dismissal of Stellar Line's Counterclaim is granted. The Court emphasizes again that the dismissal of Stellar Line's counterclaim for affirmative relief in no way affects its ability to assert its statutory defenses under § 1304(2).

### III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

As stated by the Magistrate Judge in her Report and Recommendation, the moving Defendants seek summary judgment that their liability to Plaintiffs is limited to $500 under COGSA. Additionally, the Report and Recommendation correctly set

forth the legal standard for a motion for summary judgment. *See* Report and Recommendation, pp. 3-4.

### A. <u>**Contract of Carriage**</u>

The Magistrate Judge recommended a holding that the Stellar Line Bill of Lading is the applicable contract of carriage for the Plaintiffs' shipment. *See* Report and Recommendation, pp. 11-12. There are no objections to this recommendation. The Court has carefully considered the Magistrate Judge's recommendation and adopts the recommended holding that the Stellar Line Bill of Lading is the applicable contract of carriage.

### B. <u>**"Clean Bill of Lading"**</u>

COGSA excludes from coverage "cargo which by the contract of carriage is stated as being carried on deck and is so carried." *See* 46 U.S.C. § 1301(c). Absent an agreement to the contrary reflected on the face of the carrier's bill of lading, "a clean bill of lading imports under deck storage." *See Calmaquip Eng'g W. Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 638-39 (5th Cir. 1981) (citing *Searoad Shipping Co. v. E. I. duPont de Nemours and Company*, 361 F.2d 833, 835 (5th Cir. 1966) (quoting *St. Johns N.F. Shipping Corp. v. S. A. Companhia Geral Commercial Do Rio de Janerio*, 263 U.S. 119, 124 (1923))); *Encyclopaedia Britannica*, 422 F.2d at 11.

In this case, the parties dispute whether the Stellar Line Bill of Lading was a clean bill of lading. The Magistrate Judge recommended holding that the carrier issued a clean bill of lading and, therefore, under deck stowage was required. The Court does not adopt this recommendation.

The Magistrate Judge correctly described the Stellar Line Bill of Lading's requirement that if "Goods not in Containers are carried on deck the Carrier shall so state such carriage on the face hereof." *See* Stellar Line Bill of Lading, p. 2, Clause 6(c). Additionally, as the Magistrate Judge noted, page one of the Stellar Line Bill of Lading[3] states that the "receipt custody carriage and delivery of the goods are subject to the terms stated on the face and on the reverse side hereof." *See id.* at p. 1. The Court concludes, as did the Magistrate Judge, that the Stellar Line Bill of Lading requires the on-deck-stowage disclosure to be "on the face" of the Bill of Lading, which is page 1 of the Stellar Line Bill of Lading.

As explained below, however, this Court cannot hold as a matter of law that the required disclosure does not appear on page 1 of the Stellar Line Bill of Lading. As a result, the Court does not adopt the Magistrate Judge's recommendation that Stellar Line issued a clean bill of lading.

---

[3] The Stellar Line Bill of Lading is a one-sheet, two-sided document to which the one-page Rider is attached.

Page 1 of the Stellar Line Bill of Lading refers clearly to an "attached rider." The attached "Rider," which itself is one page, includes the statement in all capital letters that "CONTAINERS & FLAT RACKS STOWED ON DECK." *See id.* at p. 3. Unlike the situation in *Encyclopaedia Britannica* in which the Second Circuit noted that there was "nothing what[so]ever on the face of the carrier's short bill of lading to indicate that the containers were deck cargo," 422 F.2d at 15, in the present case there is a clear reference on the face of the Stellar Line Bill of Lading to the "attached rider" that clearly reflects that flat racks are stowed on deck. The parties cite no legal authority, and this Court is aware of none, that requires the words "on deck stowage" to appear on the first page of the bill of lading, rather than through a clearly-stated reference on page 1 to a separate, simple document that includes that language, or similarly clear notification that the cargo will be stowed on deck. As a result, this Court denies summary judgment on this record on whether, as a matter of law, the Stellar Line Bill of Lading provides "on its face" that Plaintiffs' cargo would be stowed on deck.

### C. Fact Issues: Agreement; Stowage "Reasonable and Customary"; Stowage a Material Deviation from Contract of Carriage

Whether or not Stellar Line issued a clean Bill of Lading, the parties have presented conflicting evidence regarding whether they had a "definite agreement" authorizing on deck stowage of the cargo. *See, e.g., Blasser Bros. v. N. Pan-Am. Line*,

628 F.2d 376, 384 n.13 (5th Cir. 1980). The parties have also presented conflicting evidence regarding whether on deck stowage of the cargo was "reasonable and customary" at the ports in question. *See, e.g., Am. Dornier Machinery Corp. v. MSC Gina*, 1999 WL 203357, *1 (S.D.N.Y. Apr. 12, 1999). There is also a fact dispute regarding whether, if the Bill of Lading required stowage below deck, on deck stowage was a material deviation from the contract of carriage. *See id.* Because there are genuine issues of material fact on these matters, the Court denies the moving Defendants' Motion for Summary Judgment.

## IV. CONCLUSION AND ORDER

For the reasons stated herein, and in the portions of the Report and Recommendation [Doc. # 130] adopted by this Court, it is hereby

**ORDERED** that Defendants Stellar Line Ocean Transport Ltd., MS Claudia Schiffahrtsgesellschaft Mbh & Co., and Peter Doehle Schiffahrts-KG's Motion for Partial Summary Judgment [Doc. # 60] is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion to Dismiss and/or Motion for Summary Judgment on Stellar Line's Counterclaim [Doc. # 63] is **GRANTED** and Stellar Line's Counterclaim is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **22nd** day of **March, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE